UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

ALLEN JONES,  )
             )
   Plaintiff, )   Civil Action No. 11-111-HRW
             )
vs.          )
             )
AIRMARK FOOD SERVICES, et al., )   **MEMORANDUM OPINION**
             )                     **AND ORDER**
   Defendants. )

\*\*\*\*  \*\*\*\*  \*\*\*\*

Plaintiff Allen Jones is a prisoner confined in the Eastern Kentucky Correctional Complex in West Liberty, Kentucky. Jones, proceeding without counsel, has filed an original and amended complaint asserting civil rights claims pursuant to 42 U.S.C. § 1983. [R. 1, 9] The Court has granted his motion to pay the filing fee in installments pursuant to 28 U.S.C. § 1915 by prior order. [R. 8]

The Court conducts a preliminary review of complaints filed against government officials. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the plaintiff's factual allegations as true and his legal claims

are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

In his original complaint [R. 1], Jones named as defendants "Airmark-Food Service; Larry D. Chaler; Page Macquire, Al Parks, and Steven L. Bershure."[1] The complaint contained only one substantive paragraph. In it, Jones appeared to allege that his cell did not meet federal guidelines requiring 63 square feet of living space; Aramark bribed state officials to avoid paying inmates the federal minimum wage; and that the food was poor there, causing him to lose weight. [R. 1 at 4]

Because these allegations were vague; did not identify the persons allegedly responsible for these conditions; did not concretely allege resulting physical injury; or indicate what constitutional rights were violated, on October 17, 2011, the Court entered an Order directing Jones to file a new complaint on the Court-supplied forms to clarify the factual and legal nature of his claims. [R. 8]

Jones filed his amended complaint on October 25, 2011. [R. 9] In it, Aramark and McGuire are no longer named as defendants, but Jones has named Dr. Hiland at

---

[1] The Court assumes Jones intended to name as defendants Aramark Correctional Services, LLC, a division of Aramark Corporation; Larry Chandler, a member of the Kentucky Parole Board; Page Mcguire, former Deputy Warden of Operations at the Kentucky State Reformatory; former Commissioner of the Kentucky Department of Corrections Al Parks; and Kentucky Governor Stephen Beshear.

the Kentucky State Penitentiary as a new defendant. In addition, Jones recast the factual basis for his claims. The entirety of his allegations are that:

> When I came in coustted in woring county Reggnel Gail, they put me on some medaction. When I fial of the bunk at that gail they denied me medacall treatment where I fricker my airm. When I went to rettery they shiped me to Lagrans Al parks and the rest made a dill witch Airmark and they broght toxix pant in and pantted K.S.R. when we filed a law suite the started fedding us stuff to make use sicx then they shiped use to outher pirson and they had ther buddy to curtoy this. I filed a law suite a Eddy Vill Kentuck State Prission, there they feed me something that gave me headackes and started me tingling from my head to my feet, I filed papper work there so they shiped me back to E.K.C.C. I'm still tingling from my back to my feet. They feed me somthing that is making big sores come on my face. So I'm asking you for help in this matter to stop these people frome doing this to me, or fotner prinsoners in the fucher by making in exsampel out of these people.

[R. 9 at 2-3] The Court construes this language as asserting three claims.

First, that when Jones was incarcerated at the Warren County Regional Jail, he fell from his bunk, but the jail did not provide adequate medical treatment. Apart from the fact that none of the named defendants appear to have been employed by the Warren County Regional Jail, Jones indicates that this injury occurred on or about October 2, 2002. [R. 9 at 3] Federal law requires that a civil rights claim arising out of conduct occurring in Kentucky must be filed within one year after the events complained of under KRS 413.140(1)(a). *Fox v. DeSoto*, 489 F.3d 227, 232-33 (6th Cir. 2007). Because the complaint indicates that the injury Jones suffered at the Warren County Regional Jail occurred nearly a decade ago, this claim is barred by the

statute of limitations, and must be dismissed.

Second, the complaint appears to allege that Aramark and then-warden Al Parks agreed to paint the walls of the Kentucky State Reformatory in LaGrange with toxic paint, and that either the paint or the food at the prison made Jones sick. However, Jones indicates that this occurred on or about June 2005. [R. 9 at 4] Because the events forming the basis of this claim transpired approximately six years ago, any civil rights claim arising from them is likewise barred by the applicable one-year statute of limitations. *Baker v. Mukasey*, 287 F. App'x 422, 424 (6th Cir. 2008).

Third, Jones appears to allege that the food he was served at the Kentucky State Penitentiary in Eddyville, Kentucky gave him headaches and caused "tingling" from his head to his feet. However, of the named defendants, only Dr. Hiland appears to have worked at KSP in Eddyville. And while Dr. Hiland was doubtless charged with providing medical care to the inmates at that facility, there is no suggestion in the complaint that he exercised control over what the inmates were fed, or that any of the other named defendants was personally involved in that decision. Absent such an allegation, the complaint fails to state a claim against these defendants under *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Even the liberal construction afforded claims set forth by litigants

proceeding without counsel does not require a court to conjure up allegations or claims the plaintiff has not plead. *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F.Supp.2d 140, 148 (D.Mass. 2003) ("while the allegations of the complaint are construed favorably to the plaintiff, the court will not read causes of action into the complaint which are not alleged."); *Nali v. Ekman*, 355 F. App'x 909, 913 (6th Cir. 2009) (Sutton, J., dissenting) ("when a *pro se* litigant asks us to identify any potentially winning arguments in his lower court pleadings, he is asking us to create, not correct, potential disparities in the legal system.")[2]

Because the plaintiff's amended complaint [R. 9] asserts claims which are barred by the statute of limitations, or which otherwise fail to allege facts with sufficient particularity to satisfy the requirements of Federal Rule of Civil Procedure 8, the Court will dismiss the complaint, without prejudice.

If the plaintiff wishes to correct the defects identified in this order, he may file a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) within 28 days after entry of this order. If he files such a motion, he should file with it an amended complaint which clearly identifies the actions taken by each named defendant that the plaintiff contends violated his constitutional rights, setting

---

[2] There is also considerable doubt whether plaintiff's allegation that the food caused him "headaches" and "tingling" is sufficient to satisfy the requirement that the plaintiff allege some concrete physical injury arising from the alleged deprivation of constitutional rights, 28 U.S.C. § 1997e(a); *Jarriett v. Wilson*, 162 F. App'x 394, 401 (6th Cir. 2005), but the Court need not conclusively decide the issue here.

forth such additional names, dates, places, and events as are necessary to explain the basis for his claims.

Accordingly, **IT IS ORDERED** that:

1. Jones's Complaint [R. 1, 9] is **DISMISSED WITHOUT PREJUDICE**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This 15th day of November, 2011.

